CASE 50—PETITIONS EQUITY—OCTOBER 31.

## Martin, &c., v. Kennedy, &c.
## Nesbitt, Assignee, &c., v. Same.
## Clarkson, &c., v. Same.

### APPEALS FROM KENTON CIRCUIT COURT.

1. PARTITION—PENDENTE LITE PURCHASERS.—In an action instituted for that purpose, land was partitioned and deeds made to the several persons entitled to an interest in the land. One of the persons to whom land was allotted mortgaged two distinct parcels of the portion allotted to him, and attachments were levied by his creditors upon other specified portions. Subsequently, upon appeal, the partition made was set aside, and another partition made. In the last partition the lots mortgaged and levied upon were allotted to other parties in interest.

Martin, &c., v. Kennedy, &c. Nesbitt, Assignee, &c., v. Same.

*Held*—That the mortgagees and attaching creditors must be treated as *pendente lite* purchasers, and all the property of the debtor having passed to his assignee for the benefit of creditors, the liens of the mortgagees and attaching creditors can not be shifted to lots assigned to the debtor in the last partition.

2. ATTORNEYS' LIENS.— Where a statutory lien is attempted to be asserted by an attorney, to the prejudice of other creditors, the facts must appear as to the nature and extent of the recovery by the attorney for his client. The mere fact that a commissioner, in making deeds of partition, has inserted a lien in favor of attorneys, will not give them a lien, the authority of the commissioner to insert the lien not appearing.

3. FRAUDULENT CONVEYANCES.—Conveyances by a debtor to his near relations, in rapid succession, are held to be fraudulent under the circumstances of this case.

SIMMONS AND SCHMIDT FOR APPELLANTS MARY AND KATE MARTIN.

1. It was error to set aside the conveyance from P. F. Martin to Mary Martin, or the mortgage to Kate Martin, in the absence of any pleading asking that it be done. (Civil Code, section 90.)

2. Property which has been fraudulently conveyed can not be levied on and sold under attachment as that of the debtor. The conveyance must first be directly and successfully attacked.

3. The uncontradicted testimony of the grantor as to the consideration paid by the grantee must be taken as conclusive. (Cecil v. Sowards, 10 Bush, 95.)

4. The mortgage to the bank can not be shifted to the parcels of land allotted to the mortgagor in the second division.

5. The statute does not give attorneys a lien upon land for services rendered by them in successfully defending an action for its recovery. (Wilson, &c., v. House, &c., 10 Bush, 406; Egenton, &c., v. Rusk, &c., MS. Op.)

. F. P. MARTIN FOR APPELLANTS.

1. Where, in partition, a parcel of the estate which is covered by a mortgage executed by one co-tenant, or by attachment liens, falls to a tenant, other than the mortgagor or attachment debtor, the liens are wholly lost, and can not be "shifted" to the parcel or parcels allotted to the debtor; and this rule applies in this case, the liens having been acquired *pendente lite*. (Bartlett v. Harlow, 12 Mass., 348; Marshall v. Turnbull, 28 Conn., 185; Mitchell v. Hazen, 4 Conn., 509; Porter v. Hill, 9 Mass., 35; Dora v. Dunham, 24 Tex., 377; Prim v. Walker, 38 Mo., 98; 5 Conn., 365; 2 Conn., 244; 9 Vt., 140; 17 Conn., 392; 19 N. J. Eq., 401; 3 Stock., 548; 21 Pick., 284; 24 Pick., 333; 28 Tex., 51; 10 Gray,

Martin, &c., v. Kennedy, &c.   Nesbitt, Assignee, &c., v. Same.

82; 10 N. H., 246; 15 N. H., 449; 24 Me., 485; 12 Me., 200; 12 Cush., 398; 1 Har. & J., 100; 48 Miss., 334; 1 Washburn on Real Property, 317 (side page); Green vs. Arnold, 11 R. I., 364; Varnum v. Abbott, 12 Mass., 478; Souther v. Porter, 27 Me., 417; Marks v. Sewall, 120 Mass., 174.)

2. The statute gives attorneys a lien only upon "property recovered," not upon property the title to which they have merely defended against attacks made upon it.

HALLAM & MYERS FOR APPELLANTS CLARKSON, &C.

Where a conveyance is attacked by a creditor of the grantor upon the ground that it is fraudulent and without consideration, the burden is on him to establish these facts. (Evans v. Stone, 3 Ky. Law Rep., 752; Bouvier's Law Dictionary, titles "Burden of Proof" and "Fraud;" Bank United States v. Huth, 4 B. M., 442; Jenkins v. Jenkins, 3 Mon., 328; Hardin v. Baird, Litt. Sel. Cases, 345.)

A. C. ELLIS AND J. E. HAMILTON FOR APPELLEES.

1. The several conveyances from F. P. Martin to the different members of his family are fraudulent and void as to creditors.

2. Equity requires that the attachment liens upon the lots, which in the second division were allotted to others than the debtor, be transferred to those lots which were allotted to him.

3. The statute gives attorneys a lien only upon land *recovered*, and not upon land which they have succeeded in preventing another from recovering from the client.

J. F. & C. H. FISK FOR APPELLEE FIRST NATIONAL BANK.

1. The conveyances from F. P. Martin to the different members of his family are fraudulent.

2. The lien of the bank under its mortgage, and also the liens of the attaching creditors, should be transferred to the parcels allotted to the mortgagor in the second division.   The lien follows the interest, and remains upon it whenever and wherever located.   (1 Story's Equity, sections 656*b* and 656*c*; Freeman on Co-tenancy and Partition, sections 102, 415, 470, 478, 479, 505 and 549; 1 Hilliard on Mortgages, page 16, par. 23, and page 18, par. 26; Green v. Arnold, 11 R. I., 364; Randell v. Mallett, 14 Me., 51; Lessee of White v. Sayre, 2 Hammond (Ohio), 110; Davis' Lessee v. Whitesides, &c., 1 Bibb., 510.)

CHAS. H. FISK AND CHAS. S. FURBER FOR APPELLEE J. F. FISK.

The services of J. F. Fisk were rendered in a former action in which his claim was allowed, and a lien given him therefor. That judgment can not be revised in this case.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

These several actions, five in number and consoli-dated, were instituted at law, and attachments ob-tained that were levied on the real estate of Freeman. P. Martin, the debtor.   The action was transferred to equity, and during its progress claims were set up to certain portions of the real estate levied on. by the attachments by the wife of Freeman P. Martin, Mary A. Martin, the mother, and by the two Clarksons, who were the brothers-in-law, and deeds exhibited by each claimant purporting to pass the absolute title.

In July, 1876, the debtor conveyed to his brothers-in-law the real estate claimed by them in considera-tion, as recited, of the sum of thirty-five hundred dollars in hand paid.   In November, 1876, he con-veyed certain other real estate to his mother, Mary Martin, and in October, 1876, he conveyed to his wife, Kate Martin, all his interest in this estate of his grandfather, as claimed by him from that source, to indemnify her for any moneys she might have to pay for him, and for the payment of which she had pledged her own estate.   Not long after this the debtor, F. P. Martin, became a bankrupt, and one branch of this controversy is between the claimants of the estate by their respective deeds and the cred-itors of F. P. Martin.

These deeds are attacked as fraudulent and void, being without any consideration.   The transactions between the debtor and his near relations, by which he divested himself of title by deeds in such rapid succession, would indicate the necessity felt by the

debtor of placing his property beyond the reach of creditors.

His wife had but little, if any estate. His brothers-in-law were in the same condition, and the conveyance to the mother was evidently based upon a mere ideal claim, and these relations were but the instruments by which the debtor was seeking to avoid the payment of his debts.

If the deeds were without any consideration they were fraudulent as to these creditors, and the facts of this record show clearly that all these claimants were holding for the debtor, and that not only constructive but actual fraud existed. It is useless to analyze the testimony or to discuss its effect upon any one of the deeds, as it plainly appears that they were made for the protection of the debtor, so as between the appellants and the creditors the property levied upon should be subjected to the payment of Freeman P. Martin's debts.

Freeman P. Martin became a bankrupt, and the appellant, B. Nesbitt, was made the assignee, and the principal question in this case arises as between the assignee's claim to this property in behalf of creditors on the one side, and certain attaching and lien creditors on the other.

Freeman P. Martin owned an undivided interest in the estate of one O. R. Powell. This estate was composed of many parcels of real estate in the city of Covington.

In an action instituted in the court below, under the style of Stevenson v. Martin, a partition was made of this landed estate under the direction of

the Chancellor, and deeds made to the several tenants in common, or to those entitled to an interest in the land.

A conveyance was made to Freeman P. Martin of his interests, and when this was done he executed to his mother, to his wife, and to his brothers-in-law deeds for several of the lots, which have been already held in this opinion to have been void as to creditors. He also executed to the National Bank of Covington a mortgage upon two distinct parcels of this land allotted to him, and attachments in behalf of the creditors, who are the appellees here, were levied on certain other specified portions of the property, as appears from the return on the attachments. The litigation resulting in a partition of this real estate was brought to this court, and the judgment below was reversed, by which the partition made under the judgment appealed from was set aside and another partition of the realty made. The bank and the attaching creditors were not parties to that action, and took or held the property upon which the liens were created subject to any final judgment that might be rendered in the action where partition was sought. They must all be treated as *pendente lite* purchasers.

The title to all the estate of Martin passed to his assignee for creditors, and this assignee is in this case, by his pleading, asking that their rights be protected.

When the last partition was made, one of the lots mortgaged to the bank, and the lots attached by certain creditors, were assigned to other parties in

interest, and it is now claimed by the bank and the attaching creditors that their liens acquired by their attachments and the mortgage on the lots that were assigned to others, should be shifted on to other lots or parcels of ground assigned to Martin in the last partition.   It is not insisted that they have any legal liens on any property but that upon which the liens originally existed; but these liens having been lost by the adjudication between the original owners, it is urged that a court of equity should give them some relief.

These appellees sought to enforce their rights *pendente lite*, and having levied their attachments, and acquired their liens on *specific lots* or parcels of ground allotted to the debtor, it is difficult to create for them such an ·equity as would enable the Chancellor to transfer liens upon one specific parcel to another, upon which there is no claim that any lien ever attached.

A levy or a mortgage upon the undivided interest of the debtors in the entire realty would determine at once the rights of the creditors; or if the mortgage had been executed on a particular parcel of this realty, to which the debtor had no title under the first partition, but which had been assigned him in the last partition, the title having been vested in the debtor would have inured to the benefit of the mortgagee.

In this case, in making the allotment, many distinct parcels of land were given to each joint owner, with the boundary specifically defined.   On certain of these lots liens were attempted to be created.   The

liens were lost, or the property adjudged to belong
to some one else, and for that reason a court of
equity is asked to enlarge the liens by placing them
upon other realty, so as to indemnify the creditor
for the loss sustained.

It can not be said that the attaching creditor or
the mortgagee, by acquiring this lien, became invested
with the interest of the debtor to that extent in the
real estate owned by him, particularly when he was
not a party to the litigation in which the title was
determined asserting his right to participate in a
future allotment.   Besides, these are liens purely
legal, and confined to specific property that, if not
belonging to the debtor, affords the creditor no secu-
rity.   The rights of others have intervened, who, as
creditors of the insolvent debtor, are entitled to share
in the distribution of his assets, and the Chancellor
would not seek an equity in behalf of these appel-
lees for no other reason than that they may occupy
the position of preferred creditors.

In Green v. Arnold, 23 American Reports, 466
[11 R. I., 364], where there was a suit for parti-
tion, the common estate, consisting of sixteen par-
cels, upon some of which liens existed by mortgage,
the Chancellor held that the decree could not
extend any mortgage to property not included or
described by the mortgage.   "We can no more,"
says the court in that case, "extend the mortgages
over land not covered by them than we could so
many absolute conveyances."

In Randell v. Mallett, 14 Maine, 51, the mortgage
was on so many acres of an undivided tract that

made the purchaser, if absolute, a tenant in common, and at least gave to the mortgagee an interest to that extent undivided. Here there are numerous parcels allotted to each tenant in common, and when levied on or mortgages executed on a particular lot described by metes and bounds, it must be treated as a distinct estate. We perceive no remedy in such a case by a purchaser of the absolute estate in a specified lot except upon his warranty, or if a party to the subsequent division, he might ask the Chancellor to assign the particular lot purchased by him to his vendor, in the event his vendor refused to protect him. Here the estate has gone to the assignee for creditors, with no lien existing, and we know of no rule of law or equity authorizing the Chancellor to transfer the lien from one distinct parcel of land to another, upon which there is no pretense a lien ever existed.

It is maintained in argument that there are no creditors of the bankrupt but those now before the court. This fact the court below could not assume, and if there were no other creditors but those parties to this proceeding, McKee, Finnell, Handy, etc. are in court as creditors, resisting the superior equities asserted by the appellees; so we have both the assignee for creditors, and the creditors, or some of them, in court raising the question here presented. It will be conceded that if the equities on the part of the appellees existed, the assignment in bankruptcy could not change their relation to the debtor or to his estate; but it is manifest that their legal rights can not be converted into equities, so as to

give to the appellees a prior lien upon other estate:
of the debtor than that to which the original lien,
attached.

This brings us to the consideration of the last.
question raised by the assignment of errors.  The
assignee (appellant) of Martin, as well as some of
the creditors, are contesting the liens of the attor--
neys who were employed by the debtor, or if not
by him, under an employment from some one else,
asserted against the property in controversy.  The
record does not show the authority of the commis--
sioner when making these deeds to insert liens in.
behalf of any attorney; and while in a proper state·
of case a lien for a reasonable fee will be retained,
we perceive nothing in this record to justify the·
Chancellor in allowing $2,000 to one attorney, $1,500·
to another, $1,250 to another, and $1,000 to another,
to be paid out of the estate of Freeman P. Martin.

Contracts between clients and attorneys will, of
course, be enforced, and where there are no excep--
tions to the allowance this court can not interpose;.
but here liens are attempted to be asserted to the·
prejudice of other creditors, and we see no such
state of case as is now presented that will authorize
the Chancellor to say that these liens exist.  The·
facts must appear as to the nature and extent of the
recovery by the attorney for his client before a lien
is created.  What property, real or personal, has he
recovered?  The Chancellor should be enlightened
in regard to these matters before allowing these
liens to be enforced.

The judgment in this case is affirmed on the appeal

of F. P. Martin and wife, on the appeal of Clarkson, and reversed on the appeal of the assignee, Benj. Nesbitt, and others, and cause remanded for proceedings consistent with this opinion.